IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARQUETTE COLQUITT, )
 )
          Petitioner, )
 )
     v. ) 1:20CV781
 )
MOORE COUNTY, )
 )
          Respondent. )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a pretrial detainee in the Moore County Detention Center, submitted a petition under 28 U.S.C. § 2241 for a writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis* and multiple Supplements. For the following reasons, the Petition cannot be further proceed:

    1.    Petitioner seeks to attack his pending state court criminal charges. Intervention in state criminal matters can only occur in instances of bad faith, irreparable injury beyond the burden of defending the criminal action, or a lack of available state court remedies. See Younger v. Harris, 401 U.S. 37 (1971); Gilliam v. Foster, 75 F.3d 881, 904-905 (4th Cir. 1996). Petitioner does not currently set out facts sufficient to meet this standard, but rather attempts to essentially try his case to this Court by seeking new counsel, presenting purported evidence of his innocence, and asking the Court to contact witnesses. However, this Court does not appoint counsel in state court cases, cannot try state court criminal charges, and does not contact witnesses or investigate cases in any manner. Petitioner must try his case in the state courts. Further, the Petition states that Petitioner did not exhaust state court remedies prior to filing this action and that the Petition is his first "appeal." (Docket Entry 2, § 14.) However, exhaustion is required under § 2241 just as it is for filing a petition under 28 U.S.C. § 2254. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489–92 (1973). Also, this Court is not an appellate court or part of the North Carolina court system. Petitioner appears

to fundamentally misunderstand the role of this Court, which is not to supervise, replace, or hear appeals from the state courts.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2241 forms, and instructions for filing a § 2241 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

Petitioner also filed a Motion (Docket Entry 3) seeking an appointment of counsel to represent him in his state proceedings. That Motion will be denied, as this Court does not appoint attorneys in the state courts.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2241 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS FURTHER ORDERED that Petitioner's Motion (Docket Entry 3) seeking an appointment of counsel is denied.

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition.

This, the 2nd day of November, 2020.

                                              /s/ L. Patrick Auld
                                              **L. Patrick Auld**
                                       **United States Magistrate Judge**

-3-

Case 1:20-cv-00781-WO-LPA   Document 7   Filed 11/02/20   Page 3 of 3